UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REV. DAVID L. JOE, | * | CIV 09-4144-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| WALGREENS CO/ILL, WALGREENS | * | OPINION AND ORDER |
| CO/ILL (DISTRICT 311), JASON | * | GRANTING DEFENDANTS' |
| FREDERICK (IN HIS OFFICIAL | * | MOTION FOR SUMMARY |
| CAPACITY), MARY ANN HANSEN | * | JUDGMENT |
| (IN HER OFFICIAL CAPACITY), | * | |
| KRISTINE RAYSBY (IN HER | * | |
| OFFICIAL CAPACITY), FRANK | * | |
| MAXWELL (IN HIS OFFICIAL | * | |
| CAPACITY, | * | |
| | * | |
| Defendants. | * | |

## I. INTRODUCTION

Plaintiff, Rev. David L. Joe ("Rev. Joe"), filed a pro se complaint against Defendants on September 24, 2009, alleging state and federal employment discrimination claims. On October 16, 2009, Defendants jointly filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted under Rule 12(b)(6), and alternatively, for Summary Judgment under Rule 56 (Doc. 7), along with a Statement of Undisputed Material Facts (Doc. 8). This Court grants the Motion for Summary Judgment for the reasons explained below.

## II. FACTS

Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of procedural and substantive law. Schooley v.

-1-

Kennedy, 712 F.2d 372, 373 (8th Cir. 1983). Under S.D.L.R. 56.1(d), "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing parties' statement of material facts." Because Plaintiff has neither submitted a statement of material facts nor directly responded to Defendants' Statement of Undisputed Material Facts, Defendants' Statement of Undisputed Material Facts is deemed admitted.

According to Defendants' Statement of Undisputed Material Facts ("SOMF"), Defendant Walgreens Co/ILL ("Walgreens") employed Rev. Joe until November 2008. In December 2008, Rev. Joe filed a charge of discrimination with the South Dakota Division of Human Rights. On March 20, 2009, the Division of Human Rights issued a Determination of No Probable Cause (Doc. 12-1) to believe that Rev. Joe's allegations were well founded, and Rev. Joe did not appeal.

Rev. Joe also made a claim with the United States Equal Employment Opportunity Commission ("EEOC"). On May 27, 2009, the EEOC issued a Dismissal and Notice of Rights form informing Rev. Joe that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." (Doc. 11-2); SOMF 5. The form further notified Rev. Joe that he had the right to file a lawsuit, and that the "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." (Doc. 11-2, at 1) (emphasis in original). The form was delivered by certified mail to Rev. Joe on June 4, 2009. SOMF 6; (Doc. 8-1). Rev. Joe submitted a certified mail receipt containing a handwritten "6-13." (Doc. 23-2).

The Complaint, dated September 13, 2009, appears to have been faxed to the office of

the Clerk of Court of the United States District Court for the District of South Dakota shortly before midnight on September 13, 2009, and was filed with the Clerk on September 24, 2009. SOMF 7.

In addition to Walgreens, the Complaint named Jason Frederick, Mary Ann Hansen, Kristine Raysby, and Frank Maxwell as Defendants. All these individuals were employees of Walgreens during the events giving rise to the Complaint.

## III. DISCUSSION

Although Plaintiff's pro se Complaint is not entirely clear, the Complaint appears to make a claim of disability discrimination and religious discrimination against Defendants. It is also not clear whether Plaintiff alleges federal law and/or state law discrimination claims. Regardless, Plaintiff failed to exhaust administrative remedies on any state law claims, and any claims under federal law are time-barred.

### A. State Law Claims

S.D. Codified Laws ("SDCL") § 20-13-10 prohibits employment discrimination ". . . because of race, color, creed, religion, sex, ancestry, disability, or national origin . . ." The Supreme Court of South Dakota has clarified that a claimant's failure to exhaust administrative remedies deprives the court of jurisdiction over South Dakota state law claims of employment discrimination. Montgomery v. Big Thunder Gold Mine, Inc., 531 N.W.2d 577 (S.D. 1995) (reversing summary judgment against employer when plaintiff failed to exhaust administrative remedies); Jansen v. Lemmon Federal Credit Union, 1997 S.D. 44, ¶¶ 1, 7; 562 N.W.2d 122, 122; 124 (holding that plaintiff's failure to appeal "No Probable Cause" finding by the South Dakota Division of Human Rights constituted failure to exhaust

administrative remedies on employment discrimination claim, thereby depriving the court of jurisdiction).

Under South Dakota law, any person alleging state law employment discrimination or retaliation must file a charge of discrimination or unfair practice with the South Dakota Division of Human Rights ("Division of Human Rights"). SDCL 20-13-29; SDCL 20-13-31. When a charge is filed, the Division of Human Rights must determine whether probable cause exists to support the allegations. SDCL 20-13-32. If the investigator determines that there is no probable cause to support the allegations, an order is issued dismissing the charge. SDCL 20-13-28.1. The charging party then has an obligation to proceed with an administrative appeal under SDCL Chapter 1-26 or the matter becomes final. SDCL 20-13-28.1; Jansen, 1997 S.D. 44, at ¶ 6; 562 N.W.2d at 123-24. Under SDCL 1-26-31, a notice of appeal must be served on the adverse party "within thirty days after the agency served notice of the final decision."

Rev. Joe failed to exhaust his administrative remedies on any state law employment discrimination claims, as he did not appeal the March 20, 2009 "No Probable Cause" finding by the Division of Human Rights. The deadline for appealing that determination passed in April of 2009,[1] several months before Rev. Joe filed the present action in this Court. As a

---

[1] The "No Probable Cause" determination notified Rev. Joe that the determination "may be appealed to Circuit Court within thirty (30) days of the date of dismissal," according to SDCL 1-26-30 and 1-26-31. (Doc. 23-1). Rev. Joe argues that use of the permissive word "may" indicates that he was not required to appeal the "No Probable Cause" determination prior to bringing a civil action. The Court interprets this language to mean that an individual has a right to appeal to the Circuit Court within 30 days of dismissal, but he is not required to appeal a claim at all. The language does not propose that a person may file either an appeal of the administrative decision or a new civil action. See Montgomery, 531 N.W.2d at 579 (finding that use of word "may" in statute did not mean that plaintiff had option of filing action either before

result, this Court lacks subject matter jurisdiction over Rev. Joe's state law employment discrimination claims and those claims must be dismissed.

**B. Federal Law Claims**

Title VII of the Civil Rights Act of 1964 is codified in Volume 42 of the United States Code, beginning at § 2000e. Section 2000e-2(a) proscribes discrimination by an employer "against any individual with respect to his compensation, terms, conditions, or privileges of employment, on account of an individual's race, color, religion, sex, or national origin." Section 2000e-5(f)(1) states that if the EEOC dismisses a charge, the EEOC must give notice of the dismissal to the charging party, and " . . . within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . ." by the person asserting the claim.

Title I of the Americans with Disabilities Act of 1990 ("ADA") prohibits private employers from discriminating against qualified individuals with disabilities. 42 U.S.C. § 12112(a). In addition, Section 12117(a) requires that the powers, remedies, and procedures set forth in Title VII (specifically, 42 U.S.C. § § 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9) apply to ADA claims. This includes the requirement under 42 U.S.C. § 2000e-5(f)(1) of bringing suit within 90 days of the EEOC notice.

After receipt of the EEOC's final action, a complainant has 90 days to file an action with an appropriate court, and failure to file within 90 days bars the action, unless the complainant can establish a basis for equitable tolling or equitable estoppel. Baldwin County

---

Division of Human Rights or Circuit Court, but that plaintiff was not required to file an action at all).

Welcome Center v. Brown, 466 U.S. 147, 149-50 (1984); Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008); Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).

In this case, the EEOC issued its Dismissal and Notice of Rights on May 27, 2009 and sent it to Rev. Joe. Plaintiff apparently received the Dismissal and Notice of Rights on June 4, 2009. In his Answer (Doc. 23),[2] Rev. Joe argues that he received the Dismissal and Notice of Rights on June 13, 2010. In support, he attached as Exhibit 2 to his Answer a copy of an envelope stamped "Final Notice," with the date "6-13" handwritten on it. Although the envelope is not properly authenticated by affidavit, assuming arguendo that receipt occurred on June 13, 2009, the deadline for filing this action would have been Friday, September 11, 2009, which was two days before the Complaint was faxed to the Clerk of Court and 13 days before the Complaint was filed by the Clerk of Court. Because Rev. Joe filed this action more than 90 days after receipt of the EEOC's final action and has not asserted that equitable tolling or equitable estoppel should apply to his claim, his federal claims are barred.[3]

## IV. CONCLUSION

Because Plaintiff failed to exhaust administrative remedies on any state law claims,

---

[2] Rev. Joe called his Response to Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment an "Answer."

[3] Based on the above two sections, it is not necessary for the Court to reach the issue of whether a cause of action exists against the individual-named Defendants. However, with respect to Defendants Frederick, Hansen, Raysby, and Maxwell, no cause of action exists under Title VII of the Civil Rights Act against an individual co-worker - including a supervisor - who is not an "employer." Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998) ("Our Court quite recently has squarely held that supervisors may not be held individually liable under Title VII."); Lenhardt v. Basic Inst. of Tech., Inc. 55 F.3d 377, 381 (8th Cir. 1995) ("Every circuit that has considered the issue ultimately has concluded that an employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII." None of the individual Defendants are alleged to be Rev. Joe's "employer."

and any federal law claims are time-barred, it is hereby

ORDERED that Defendants' Motion for Summary Judgment (Doc. 7) is granted.

Dated June 23, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE